J-S59016-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARK ANTHONY DONAHUE, | : | |
| | : | |
| Appellant | : | No. 2085 WDA 2014 |

Appeal from the Judgment of Sentence March 27, 2014,
Court of Common Pleas, Erie County,
Criminal Division at No. CP-25-CR-0001040-2013

BEFORE:  BOWES, DONOHUE and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.:　　　　　　**FILED SEPTEMBER 24, 2015**

Mark Anthony Donahue ("Donahue") appeals from the judgment of sentenced entered following his convictions of six counts of retail theft and one count of driving under the influence ("DUI").  His court-appointed counsel ("Counsel") has filed a petition seeking to withdraw and a brief in support thereof pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Following our review, we affirm the judgment of sentence and grant Counsel's motion to withdraw.

A request by appointed counsel to withdraw pursuant to ***Anders*** and ***Santiago*** gives rise to certain requirements and obligations, for both appointed counsel and this Court.  ***Commonwealth v. Flowers***, 113 A.3d 1246, 1248 (Pa. Super. 2015).

*Former Justice specially assigned to the Superior Court.

These requirements and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. ***Commonwealth v. Woods****,* 939 A.2d 896, 898 (Pa. Super. 2007). This Court has summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

*Woods*, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise content of an *Anders* brief:

> [T]he *Anders* brief that accompanies court-appointed counsel's petition to withdraw ... must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

*Id.* If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* In so doing, we review not only the issues identified by appointed counsel in the *Anders* brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." *Id.*

Counsel has satisfied the procedural requirements of *Anders* and *Santiago*. She has filed a petition seeking to withdraw with this Court, in which she states her belief that after an examination of the record, the appeal is wholly frivolous. Attached to that petition is a copy of the letter she sent to Donahue, which indicates that she enclosed copies of her petition to withdraw and *Anders* brief and advises Donahue that he can retain new counsel or proceed pro se to raise with this Court any additional points he deems worthy. Further, the content of Counsel's *Anders* brief conforms to the *Santiago* requirements previously set forth. Accordingly, we undertake our independent review to determine whether Donahue's appeal is wholly frivolous.

On February 4, 2014, Donahue pled guilty to the above-mentioned offenses. On each theft conviction, the trial court imposed a sentence of

nine months to two years of incarceration.[1]  On the DUI conviction, the trial court imposed a sentence of three to six months of incarceration.  The trial court ordered all sentences to run consecutively, resulting in an aggregate sentence of five years, six months to fourteen years, six months of incarceration.  This timely appeal follows.

Counsel presents one issue of arguable merit: "Whether [Donahue's] sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?"  **Anders** Brief at 3.  This is a claim addressed to the discretionary aspects of Donahue's sentence.  The discretionary aspects of a sentence are not appealable as of right.  **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000).  Before we may review the merits of a challenge to the discretionary aspects of a sentence, we must determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).  **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 909 A.2d 303 (Pa. 2006).

---

[1] For these convictions, nine months was at the top of the standard guideline range and two years was the statutory maximum.  **See** N.T., 3/27/14, at 14.

The record reveals that Donahue's appeal was timely filed. It further reveals, however, that Donahue did not raise this issue at the time of sentencing and did not file post-sentence motions.[2] Accordingly, he did not preserve this issue and so it has been waived for purposes of appeal. **See id.** at 533-34 ("Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing."). We therefore agree with Counsel that it would the frivolous to raise this issue on appeal.

In conformance with our duties, we have reviewed the record in its entirety. Our independent review of the record does not reveal any issue that would arguably support an appeal. Accordingly, we grant Counsel's petition and affirm Donahue's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2015

---

[2] For completeness, we note that Donahue sought permission to file his appeal nunc pro tunc. The trial court granted his request, and Donahue then timely filed his notice of appeal. Trial Court Order, 12/9/14; Notice of Appeal, 12/22/14. Donahue did not seek permission to file post-sentence motions nunc pro tunc.